12-4497-cv
Kuck v. Danaher

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

Present:
>ROBERT D. SACK,
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges,*

_____

M. Peter Kuck and James F. Goldberg, individually and on behalf of others similarly situated,

>*Plaintiffs-Appellants*,

>v.                                                                  No. 12-4497-cv

Albert J. Masek, Commanding Officer, Connecticut Department of Public Safety, *et al.*,

>*Defendants-Appellees*,

M. Jodi Rell, I/O, Governor, State of Connecticut, *et al.*,

>*Defendants*.

_____

FOR APPELLANT:          Rachel M. Baird (Craig M. Lovely, *on the brief*), Rachel M. Baird & Associate, Torrington, CT.

1

FOR APPELLEES:   Robert D. Snook, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

   Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

   Plaintiffs-Appellants Peter Kuck and James Goldberg appeal from the district court's dismissal and grant of summary judgment in favor of the defendants. Each plaintiff held a permit to carry a pistol, which was either revoked or not renewed by state authorities. The plaintiffs argue, pursuant to 42 U.S.C. § 1983, that their post-revocation hearings were so delayed as to violate procedural due process. Goldberg further argues that the initial seizure and revocation of his permit violated procedural due process and the Fourth Amendment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128,

---

[1] Although the plaintiffs brought their procedural due process claims on behalf of themselves and a putative class of persons with similar claims, they never moved to certify the putative class. We thus treat the plaintiffs' claims as filed on behalf of themselves only. *Cf. Sosna v. Iowa*, 419 U.S. 393, 399 (1975) (indicating that class certification is required for putative class members to obtain "a legal status separate from the interest asserted by [the plaintiff]").

2

137 (2d Cir. 2003) (internal quotation marks omitted).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Applying these principles, we affirm the district court's judgment granting the defendants' summary judgment motion for substantially the same reasons as those stated in the court's October 16, 2012 decision.  *See Kuck v. Danaher*, No. 07-cv-1390, 2012 WL 4904387 (D. Conn. Oct. 16, 2012).  With respect to the plaintiffs' procedural due process claims against certain members of the Connecticut Board of Firearms Permit Examiners (the "Board"), the district court correctly held that, as a matter of law, the length of time between the plaintiffs' administrative appeals of the relevant adverse permitting decisions and the scheduled hearing dates for those appeals—18 months for Kuck and 22 months for Goldberg—comported with due process under the circumstances.  *See id.* at *15-27 (applying the balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1976) to plaintiffs' claim against the Board members).  The undisputed evidence in the record establishes that the delays at issue resulted from routine administrative burdens that were compounded by significant and unforeseeable increases in the number of appeals before the Board, and that the Board made good faith and ultimately successful efforts to reduce those delays.  *See Isaacs v. Bowen*, 865 F.2d 468, 477 (2d Cir. 1989) ("Regrettably, delay is a natural concomitant of our administrative bureaucracy.").  This evidence refutes many of the allegations on which we based our prior determination in this case that Kuck had sufficiently pleaded a procedural due process claim in his complaint.  *See Kuck v. Danaher*, 600 F.3d 159, 166 (2d Cir. 2010) (noting that Kuck had suggested in his complaint that appeals to the Board "sit[ ] gathering dust for nearly all of the interim period, awaiting the scheduled hearing date").

For similar reasons, we reject the plaintiffs' claim that certain officials of the Connecticut Department of Public Safety (the "DPS") violated procedural due process by failing to address the delay.[2] The DPS defendants possessed only a limited ability to affect the speed of the appeals procedure, and they cooperated with the Board's good faith and successful efforts to reduce the backlog.

Regarding Goldberg's additional procedural due process claim against the DPS defendants, the undisputed evidence in the record establishes that, in revoking Goldberg's permit to carry a pistol, DPS complied with Conn Gen. Stat. § 29-32(b). Under that statute, the Commissioner of DPS may revoke a permit to carry a pistol "based upon the [C]ommissioner's own investigation or upon the request of any law enforcement agency." Conn Gen. Stat. § 29-32(b). In an undisputed declaration, DPS Detective Barbara Mattson affirmed that an officer of the Glastonbury Police Department ("GPD") contacted her regarding Goldberg's June 2007 arrest for breach of the peace and that she believed this communication to be a request to revoke Goldberg's permit to carry a pistol. Detective Mattson further affirmed that she investigated the incident by reviewing Goldberg's arrest report. *See* JA at 445-46. While the plaintiffs argue that DPS failed to investigate adequately the circumstances surrounding Goldberg's arrest, they neither demonstrate that reviewing the relevant arrest report was an inadequate investigation under Conn. Gen Stat. § 29-32(b) nor explain what a more complete investigation would have entailed. In any event, DPS was not required to investigate independently the circumstances surrounding Goldberg's arrest prior to revoking his permit, as Detective Matton reasonably believed that she had received a revocation request by the GPD. *See* Conn Gen. Stat. § 29-32(b).

---

[2] The DPS is now known as the Connecticut Department of Emergency Services and Public Protection.

Finally, the district court properly dismissed Goldberg's Fourth Amendment claims against the DPS defendants for the reasons stated in its decision. *See Kuck*, 2012 WL 4904387, at *32.

We have considered the plaintiffs' remaining arguments on appeal and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5